IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States Of America, *ex rel.* Lynn E. Szymoniak,<br><br>Plaintiff,<br><br>vs.<br><br>American Home Mortgage Servicing, Inc.; Saxon Mortgage Services, Inc.; Lender Processing Services, Inc.; DocX, LLC; CitiMortgage, Inc., f/k/a Citi Residential Lending, Inc., AMC Mortgage Services, Inc.; Wells Fargo Home Mortgage d/b/a America's Servicing Company, Bank of America Corporation, as successor-in-interest to LaSalle Bank; Bank Of New York Mellon Corporation; Citibank National Association; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas; HSBC USA National Association; J.P. Morgan Chase Bank National Association; U.S. Bank National Association; and Wells Fargo Bank National Association,<br><br>Defendants. | C/A No. 0:10-cv-01465-JFA |
| United States Of America, *ex rel.* Lynn E. Szymoniak,<br><br>Plaintiff,<br><br>vs.<br><br>ACE Securities Corporation; Ally Financial, Inc., f/k/a GMAC Inc.; Aurora Loan Services, LLC; Bank of America, as successor-in-interest to Countrywide Financial Corporation; BAC Home Loans Servicing, LLP; Banc of America Mortgage Securities, Inc.; Bayview Loan Servicing LLC; California Reconveyance Company; Carrington Mortgage Services; | C/A No. 0:13-cv-00464-JFA<br><br>**ORDER** |

Chase Home Finance LLC; CitiMortgage Inc. f/k/a Citi Residential Lending Inc., f/k/a AMC Mortgage Services Inc.; HomEq Servicing Corporation, d/b/a Barclays Capital Real Estate, Inc.; HSBC Mortgage Services Inc.; Litton Loan Servicing LP; Nationwide Title Clearing Inc.; Ocwen Loan Servicing; OneWest Bank; Orion Financial Group, Inc.; Prommis Solutions, LLC; Securities Connection, Inc.; Select Portfolio Services, Inc.; Vericrest Financial, Inc.; Wells Fargo Home Mortgage, d/b/a America's Servicing Company; DocX LLC; and Lender Processing Services Inc.,

     Defendants.

In these related *qui tam* actions, the relator Lynn E. Szymoniak ("Relator") has moved the court to (1) bifurcate the pending motions to dismiss so that the issue of jurisdiction is briefed and decided first; (2) grant leave to file an amended and consolidated complaint; and (3) stay non-jurisdictional motions until both the issue of jurisdiction is decided and an amended and consolidated complaint is filed. ECF Nos. 264, and 245, respectively.

First, the Relator asks the court to bifurcate the motions to dismiss. Rule 42(b) of the Federal Rules of Civil Procedure gives this court discretion to select specified claims or issues and decide them before proceeding to other matters in the same case where such bifurcation is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b).

In the two related cases, defendants have filed 31 motions to dismiss, seeking dismissal of the Relator's complaints on numerous grounds. Two of the motions are filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking dismissal for lack of subject-matter jurisdiction. ECF Nos. 234, and 193, respectively. The other 29 motions seek dismissal under

2

Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The Relator argues that the court should decide the question of subject-matter jurisdiction first while staying the defendants' non-jurisdictional motions because "[s]uch bifurcation would further the goal of judicial efficiency and would conserve the resources of the Court and the parties." ECF Nos. 264, p. 2, and 245, p. 2, respectively. Because this court does not find that it would be more expedient and efficient to decide two motions to dismiss while holding up 29 others, it denies the motion to bifurcate.

Second, the Relator seeks leave to amend and consolidate the complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A)  21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).

Here, the Relator is still within her 21-day grace period to amend her complaint once as a matter of course under Rule 15(a)(1)(B). In both cases, the complaint has been amended twice already. ECF Nos. 24, 35, and 17, 30, respectively. However, those amendments were not made

3

as a matter of course.[1]  Because the defendants filed their responsive pleadings on January 15, 2014, the Relator has until February 5, 2014, to amend her complaint once as a matter of course under Rule 15(a)(1)(B).  Because the Relator is still within her right to amend as a matter of course, the court will not consider any arguments for an amendment under Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Accordingly, the court hereby denies the Relator's request to bifurcate the motions to dismiss and it denies the request to stay the non-jurisdictional motions.

    IT IS SO ORDERED.

January 22, 2014                                Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

---

[1] In *USA et al v. American Home Mortgage Servicing, Inc.*, *et al*, 0:10-cv-01465-JFA, this court twice has granted the Relator's motion for leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* ECF Nos. 22, 32–33.  In *Szymoniak v. ACE Securities Corporation et al*, 0:13-cv-00464-JFA, filed in the United States District Court, Western District of North Carolina, the Relator once amended the complaint with leave of that court, ECF Nos. 27, 29.  Another time, the Relator appears to have filed an amended complaint without the court's express leave or the opposing parties' express written consent as required under Rule 15(a)(2).  However, because the amendment was filed more than 21 days after serving the original complaint and no responsive pleadings had been filed, it was not an amendment as a matter of course under Rules 15(a)(1)(A) and 15(a)(1)(B).  *See* ECF No. 17.

4