# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL. ex rel. LYNN E. SZYMONIAK, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 0:10-cv-01465-JFA |
| v. | ) ) | **NOTICE** |
| AMERICAN HOME MORTGAGE SERVICING ET AL., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| UNITED STATES OF AMERICA, ET AL. ex rel. LYNN E. SZYMONIAK, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-CV-464-JFA |
| v. | ) ) | **NOTICE** |
| ACE SECURITIES CORPORATION ET AL., | ) ) ) ) | |
| Defendants. | ) ) ) | |

### NOTICE OF THE UNITED STATES OF ITS OPPOSITION
### TO DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR

Pursuant to the False Claims Act, 31 U.S.C. § 3730(e)(4)(A), the United States notifies the Court that it is exercising its right to object to dismissal of Relator Lynn Szymoniak's Third Amended Complaint under the Public Disclosure Bar as to any allegations relating to claims for payment submitted after March 23, 2010.

There are two actions at issue here. In both, Ms. Szymoniak asserts claims under the False Claims Act, 31 U.S.C. §§ 3729-3732 (FCA), against thirty-nine defendants that served as trustees, servicers and depositors in connection with Residential Mortgage Backed Securities. The cases were originally filed in the District of South Carolina (on May 31, 2010) and in the Western District of North Carolina (on November 12, 2010). On February 15, 2013, the North Carolina case was transferred to the District of South Carolina.

On July 1, 2013, the United States informed the Court it was not intervening in the cases. The cases were unsealed on August 2, 2013. Ms. Szymonaik filed a consolidated Third Amended Complaint on February 3, 2014, and Defendants filed Motions to Dismiss. Relator's consolidated Opposition to the Motions to Dismiss was filed on October 18, 2014. Defendants' replies were filed on April 11, 2014.

Under the FCA, a *qui tam* action is barred if it is based on a public disclosure of the allegations or transactions that provide the basis for the relator's claims, unless the relator is an original source of the information. 21 U.S.C. § 3730(e)(4)(A). Defendants here argue that Ms. Szymoniak's claims are barred by this provision. *See e.g., U.S. ex rel. Szymoniak v. American Home et al.,* 10-cv-1465: Dkt 280-1 (Homeward, Ocwen & Litton); Dkt 294 at 2 (Aurora et al.); Dkt 297 at 8 (Citimortgage); Dkt 295 at 9 (DocX and LPS); Dkt 296 at 9 (DocX and LPS); Dkt 298 at 6 (Citibank); *U.S. ex rel. Szymoniak v. Ace Securities et al.,* 13-cv-464: Dkt 281 at 8 (CitiMortgage, Inc.); Dkt 279 at 9 (LPS and DocX); Dkt 278 at 2 (Aurora et al.). Defendants argue both that Ms. Szymoniak's allegations were publically disclosed and that Ms. Szymoniak is not an original source.

The Patient Protection and Affordable Care Act of 2010 (PPACA), signed by the President on March 23, 2010, amended the public disclosure bar in several significant respects.

2

Among other changes, the PPACA provides that the court shall dismiss an FCA case if there has been a public disclosure unless "opposed by the Government." 31 U.S.C. § 3730(e)(4)(A).[1] In sum, the revised statute provides that, if the United States objects, the court may not dismiss the action on the ground of public disclosure. The United States' discretion to oppose dismissal on public disclosure grounds is not retroactive. It applies only to claims submitted to the government after the date the PPACA was enacted. *Graham County Soil & Water Conservation District v. United States ex rel. Wilson,* 559 U.S. 280, 283 fn. 1 (2010).

The United States hereby notifies the Court that it is exercising its right to object under the amended version of the public disclosure bar. Accordingly, as to any false claims allegedly submitted to the United States by Defendants after March 23, 2010, Defendants' motions to dismiss these allegations on the ground of public disclosure should be denied.

---

[1] The revised FCA states in pertinent part:

> The court shall dismiss an action or claim under this section, *unless opposed by the Government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed -- (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (emphasis added).

3

The United States takes no position on the remaining grounds asserted for dismissal in the Defendants' motions to dismiss.

Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

WILLIAM N. NETTLES
United States Attorney

By:    s/ Fran Trapp_____
FRAN TRAPP (# 6376)
Assistant United States Attorney
United States Attorney's Office for the
 District of South Carolina
1441 Main Street, Suite 500
Columbia, S.C. 29201
Telephone: (803) 929-3000

MICHAEL D. GRANSTON
RENÉE BROOKER
WILLIAM C. EDGAR
Attorneys
U.S. Department of Justice
Civil Division
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-7950

Counsel for United States

4