UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | C.A. No.10-cv-01465-JFA |
| ex rel. ) | |
| ) | |
| LYNN E. SZYMONIAK, ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF-RELATOR'S MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION BY CERTAIN DEFENDANTS FOR
ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer
James J. Sabella
Elizabeth H. Shofner
485 Lexington Avenue
New York, NY 10017
Telephone:    (646) 722-8500
Facsimile:    (646) 722-8501

**RICHARD A. HARPOOTLIAN P.A.**
Richard A. Harpootlian
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone:    (803) 252-4848
Facsimile:    (803) 252-4810

**GRANT & EISENHOFER P.A.**
Jennifer A. Williams
123 Justison Street
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100

**GRANT & EISENHOFER P.A.**
Reuben A. Guttman
Traci L. Buschner
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:    (202) 386-9500
Facsimile:    (202) 386-9505

*Attorneys for Plaintiff-Relator Lynn E. Szymoniak*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................1

I.   RULE 54(b) FINAL JUDGMENTS ARE STRONGLY DISFAVORED
     AND SHOULD BE ISSUED ONLY IN EXCEPTIONAL CASES ...................................2

II.  THE BURDEN IS ON THE DISMISSED DEFENDANTS TO DEMONSTRATE
     THAT A FINAL JUDGMENT UNDER RULE 54(b) IS APPROPRIATE .......................5

III. A RULE 54(b) FINAL JUDGMENT IS NOT APPROPRIATE HERE .............................6

     A.   THE FACT THAT THE PREVAILING PARTIES ARE THE ONES SEEKING
          A RULE 54(b) FINAL JUDGMENT WEIGHS HEAVILY AGAINST GRANTING
          SUCH A JUDGMENT.......................................................................................................6

     B.   THE CRITERIA FOR ENTRY OF A FINAL JUDGMENT UNDER RULE 54(b)
          ARE NOT SATISFIED.................................................................................................8

CONCLUSION................................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Canoe Ass'n v. Murphy Farms, Inc.*,
  326 F.3d 505 (4th Cir. 2003) ....................................................................................................11

*Ashley II of Charleston, L.L.C. v. PCS Nitrogen, Inc.*,
  No. 05-cv-2782, 2011 WL 5827786 (D.S.C. Nov. 17, 2011),
  *aff'd*, 714 F.3d 161 (4th Cir. 2013)........................................................................................5, 8

*Braswell Shipyards, Inc. v. Beazer East, Inc.*,
  2 F.3d 1331 (4th Cir. 1993) ...........................................................................................2, 3, 5, 9

*Brooks v. Dist. Hosp. Partners, L.P.*,
  606 F.3d 800 (D.C. Cir. 2010).....................................................................................................6

*Brooks v. Owensby*,
  No. 92-1602, 1993 WL 483135 (4th Cir. Nov. 23, 1993) .......................................................2, 3

*Cason v. S.C. State Ports Auth.*,
  No. 11-cv-2241, 2013 WL 1826447 (D.S.C. Apr. 3, 2013) ....................................................3, 5

*Culosi v. Bullock*,
  596 F.3d 195 (4th Cir. 2010) ................................................................................................. 3-4

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980).........................................................................................................................2

*Dole v. Phoenix Roofing, Inc.*,
  922 F.2d 1202 (5th Cir. 1991) .....................................................................................................4

*Eagle Energy, Inc. v. Sec'y of Labor*,
  240 F.3d 319 (4th Cir. 2001) ...................................................................................................4, 5

*FDIC v. Tripati*,
  769 F.2d 507 (8th Cir. 1985) .......................................................................................................6

*Fisher v. Pelstring*,
  817 F. Supp. 2d 791 (D.S.C. 2011)......................................................................................6, 7, 9

*Hoskins v. King*,
  676 F. Supp. 2d 441 (D.S.C. 2009)...................................................................................3, 7, 11

*Janvey v. Suarez*,
  978 F. Supp. 2d 685 (N.D. Tex. 2013) ......................................................................................10

*Kyle v. Coleman*,
    67 Fed. Appx. 781, 2003 WL 21246656 (4th Cir. May 30, 2003) ......................................2, 4

*Legg v. KLLM, Inc.*,
    205 Fed. Appx. 164, 2006 WL 3193624 (4th Cir. Nov. 6, 2006).........................................2, 4

*Liberty Mut. Ins. Co. v. Wetzel*,
    424 U.S. 737 (1976)................................................................................................................6

*Lyles v. Popkin*,
    36 F.3d 1093, 1994 WL 525824 (4th Cir. Sept. 27, 1994) ......................................................3, 4

*Martin v. Lott*,
    No. 07-cv-3782, 2010 WL 679005 (D.S.C. Feb. 23, 2010)..............................................3, 5, 11

*Martin v. Wilks*,
    490 U.S. 755 (1989)..............................................................................................................10

*Morrison-Knudsen Co. v. Archer*,
    655 F.2d 962 (9th Cir. 1981) .................................................................................................3

*Sessler v. Allied Towing Corp.*,
    538 F.2d 630 (4th Cir. 1976) ................................................................................................10

*Stevens v. Danek Med., Inc.*,
    No. 95-cv-14293, 1999 WL 33217282 (S.D. Fla. Apr. 16, 1999)..........................................10

*Stewart v. Gates*,
    277 F.R.D. 33 (D.D.C. 2011).....................................................................................6, 7, 8, 11

*United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*,
    707 F.3d 451 (4th Cir. 2013) .................................................................................................9

**STATUTES AND RULES**

False Claims Act, 31 U.S.C. § 3729 *et seq.*...............................................................................1

Fed. R. Civ. P. 9(b) ...............................................................................................................1, 9, 10

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 9

Fed. R. Civ. P. 54(b) ........................................................................................................ *passim*

**OTHER AUTHORITIES**

10 C. Wright, A. Miller & M. Kane, FED. PRAC. & PROC. § 2661 (3d ed. 2010)...........................6

A UNIFORM SYSTEM OF CITATION (19th ed.) .................................................................................4

Plaintiff-Relator Lynn E. Szymoniak ("Relator") respectfully submits this memorandum of law in opposition to the motion by certain defendants (the "Dismissed Defendants") for entry of final judgment pursuant to Fed. R. Civ. P. 54(b).[1]

## PRELIMINARY STATEMENT

The Complaint in this case asserts that the Defendants violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, in connection with the submission to the Department of Housing and Urban Development ("HUD") of claims for payments pursuant to the mortgage insurance program administered by the Federal Housing Administration ("FHA"). Defendants charged HUD, as purported costs of foreclosure proceedings, for expenses that ought not to have been so included, such as the fees for creating and filing untimely and fraudulent assignments of mortgages that should have been assigned to the bank seeking foreclosure long prior to commencement of the foreclosure proceedings.[2]

All of the Defendants moved to dismiss under Rules 9(b) and 12(b)(6), Fed. R. Civ. P. By Order filed July 25, 2014 [Dkt. No. 399], the Court granted the motions to dismiss filed by the Dismissed Defendants, on the ground that the claims asserted against them did not satisfy Fed. R. Civ. P. 9(b). The Court granted in part and denied in part the motion to dismiss filed by

---

[1] The Dismissed Defendants are The Bank of New York Mellon Corp.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas; DocX LLC; Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.; HSBC Bank USA, National Association s/h/a HSBC USA National Association; Lender Processing Services, Inc.; and Saxon Mortgage Services, Inc. Their brief in support of the motion, Memorandum of Law in Support of Certain Defendants' Motion for Entry of Final Judgment, dated August 22, 2014, is cited herein as "Def. Mem."

[2] In a transparent effort to prejudice the Court's consideration of this motion, the Dismissed Defendants state that the States and the Federal Government have declined to intervene. *See* Def. Mem. at 1. Since HUD is a federal agency, the States do not have a HUD claim, so their non-intervention is entirely irrelevant to any issues relating to the HUD claim. And while the Federal Government has, as of now, chosen not to intervene, it did file a brief in this Court supportive of Relator's positions concerning the substance of the HUD claim. *See* Dkt. No. 381.

1

defendant U.S. Bank National Association ("U.S. Bank").  Now, the Dismissed Defendants seek entry of final judgment under Fed. R. Civ. P. 54(b), presumably not in order to appeal but rather to force Relator to file an appeal at this juncture (or otherwise forfeit her right to appeal).

The Dismissed Defendants' request for entry of final judgment should be denied.  There is no good reason why the Court's July 25, 2014 Order needs to be reviewed by the Court of Appeals at this time.  Rather, as set forth below, there are numerous reasons why postponing the time to appeal would further judicial economy and could eliminate the need for an appeal altogether.  In such circumstances, there is "just reason for delay[ing]" entry of final judgment, *see* Rule 54(b), and the Dismissed Defendants' motion should be denied.

I. **RULE 54(b) FINAL JUDGMENTS ARE STRONGLY DISFAVORED AND SHOULD BE ISSUED ONLY IN EXCEPTIONAL CASES**

In *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5 (1980), the Supreme Court stated that entry of a final judgment under Fed. R. Civ. P. 54(b) is "not to be granted as a matter of course," and that "this remedy should be reserved for the infrequent harsh case because of the overload in appellate courts which would otherwise result from appeals of an interlocutory nature."

The Fourth Circuit has emphatically embraced this teaching, holding that Rule 54(b) certification is "the exception rather than the norm" and that it "should neither be granted routinely nor as an accommodation to counsel."  *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citations omitted); *see Brooks v. Owensby*, No. 92-1602, 1993 WL 483135, at *1 (4th Cir. Nov. 23, 1993) (unpublished) ("Rule 54(b) certification is warranted only in exceptional cases"); *Legg v. KLLM, Inc.*, 205 Fed. Appx. 164, 165, 2006 WL 3193624, at *1 (4th Cir. Nov. 6, 2006) (unpublished) ("certification pursuant to Rule 54(b) is disfavored in this circuit"); *Kyle v. Coleman*, 67 Fed. Appx. 781, 782, 2003 WL 21246656, at *1 (4th Cir. May

2

30, 2003) (unpublished) (same); *Lyles v. Popkin*, 36 F.3d 1093, 1994 WL 525824, at *1 (4th Cir. Sept. 27, 1994) (unpublished) (same); *Cason v. S.C. State Ports Auth.*, No. 11-cv-2241, 2013 WL 1826447, at *3 (D.S.C. Apr. 3, 2013), *recommendation accepted*, 2013 WL 1827677 (D.S.C. Apr. 30, 2013) ("certification of judgments pursuant to Rule 54(b) are (at least in the Fourth Circuit) 'disfavored'").[3]  In *Braswell*, the Fourth Circuit quoted and approved Judge (now Justice) Kennedy's statement in *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981), that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Braswell*, 2 F.3d at 1335.

This Court repeatedly has recognized that the Fourth Circuit has a "strong policy disfavoring piecemeal appeals" pursuant to Rule 54(b). *Martin v. Lott*, No. 07-cv-3782, 2010 WL 679005, at *2 (D.S.C. Feb. 23, 2010) (Anderson, J.) (denying Rule 54(b) final judgment); *Hoskins v. King*, 676 F. Supp. 2d 441, 449 (D.S.C. 2009) (Anderson, J.) (same) (denying Rule 54(b) final judgment).

The Fourth Circuit has been vigilant in adhering to its policy against Rule 54(b) final judgments and has not hesitated to hold that such judgments were improperly issued where the Court of Appeals finds that the requirements of that Rule are not satisfied. For example, in *Brooks*, 1993 WL 483135, at *1, the Fourth Circuit dismissed the appeal, stating: "We find that the district court improperly certified this appeal pursuant to Fed. R. Civ. P. 54(b)." Similarly, in *Braswell*, 2 F.3d at 1333, the Fourth Circuit dismissed the appeal and held that "the district court abused its discretion in entering judgment pursuant to Fed. R. Civ. P. 54(b)." *See also Culosi v.*

---

[3] Unpublished case law attached as **Exhibit A**.

*Bullock*, 596 F.3d 195 (4th Cir. 2010); *Legg*, 205 Fed. Appx. 164, 2006 WL 3193624; *Kyle*, 67 Fed. Appx. 781, 2003 WL 21246656; *Lyles*, 36 F.3d 1093, 1994 WL 525824.

While the proposition that Rule 54(b) judgments are highly disfavored and should be entered only in exceptional circumstances is well-established in this Circuit, the Dismissed Defendants' memorandum of law somehow forgets to mention this basic principle. Instead, the Dismissed Defendants urge that *Eagle Energy, Inc. v. Sec'y of Labor*, 240 F.3d 319 (4th Cir. 2001), supports their motion. They are incorrect. The Dismissed Defendants state:

> Delaying "judgment on a distinctly separate claim" against distinct and separate defendants "until adjudication of an entire case [is] complete" risks an "injustice" to those parties who have been dismissed from the action. *Eagle Energy, Inc. v. Sec'y of Labor*, 240 F.3d 319, 324 (4th Cir. 2001).

Def. Mem. at 1. This is a serious mischaracterization and mis-citation of *Eagle Energy*. First, the words put in quotation marks in the Dismissed Defendants' memorandum are not the words of the Fourth Circuit; they are from a Fifth Circuit case, *Dole v. Phoenix Roofing, Inc*., 922 F.2d 1202 (5th Cir. 1991), which the *Eagle Energy* decision was discussing. But the Dismissed Defendants' memorandum neither mentions that *Eagle Energy* was quoting the Fifth Circuit case nor discloses that internal quotation marks have been omitted, violating a basic rule of brief writing.[4] In addition, while the Dismissed Defendants represent to this Court that *Eagle Energy* was addressing "parties who have been dismissed from the action," Def. Mem. at 1, that is not true: *Eagle Energy* did not concern any dismissed parties; the issue was simply whether an administrative decision on claims against the defendant was final. Third, no Rule 54(b) final judgment had been either requested or issued in *Eagle Energy*. Fourth, the appeal in *Eagle Energy* was dismissed for lack of jurisdiction, so that even if the Court of Appeals had said what

---

[4] *See* A UNIFORM SYSTEM OF CITATION (19th ed.) (the "Blue Book") Rules 5.2(d)(i), 5.2(e).

4

the Dismissed Defendants assert it said (and it did not), that would be dicta.  *Eagle Energy* simply has no bearing on the issues before this Court in this motion.

Similarly misplaced is the Dismissed Defendants' reliance on *Ashley II of Charleston, L.L.C. v. PCS Nitrogen, Inc.*, No. 05-cv-2782, 2011 WL 5827786 (D.S.C. Nov. 17, 2011) (Seymour, J.), *aff'd*, 714 F.3d 161 (4th Cir. 2013).  In *Ashley*, there was no dispute that a Rule 54(b) judgment should be entered.  Both sides agreed such a judgment should be entered; they merely disagreed as to which claims should be included in the judgment.  Furthermore, the only claim remaining in the case was a contractual indemnification claim, which had nothing in common with the CERCLA claims that had been asserted and resolved as to the other parties.  As discussed below, the same cannot be said of the claims remaining in the case and the claims against the Dismissed Defendants.  *See* Point III.B, *infra*.

## II. THE BURDEN IS ON THE DISMISSED DEFENDANTS TO DEMONSTRATE THAT A FINAL JUDGMENT UNDER RULE 54(b) IS APPROPRIATE

The Fourth Circuit has held unequivocally that "[t]he burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification."  *Braswell*, 2 F.3d at 1335; *see Cason*, 2013 WL 1826447, at *3 ("it is the movant who bears the burden of demonstrating that [a Rule 54(b) certification] is warranted").  In *Martin*, 2010 WL 679005, at *2, this Court recognized that a party moving for a Rule 54(b) final judgment has the "burden to persuade the court that Rule 54(b) certification is appropriate."  Just as it fails to mention that Rule 54(b) judgments should be entered only in exceptional cases, the Dismissed Defendants' memorandum also neglects to note that the burden on this motion is on the Dismissed Defendants.

### III. A RULE 54(b) FINAL JUDGMENT IS NOT APPROPRIATE HERE

#### A. THE FACT THAT THE PREVAILING PARTIES ARE THE ONES SEEKING A RULE 54(b) FINAL JUDGMENT WEIGHS HEAVILY AGAINST GRANTING SUCH A JUDGMENT

This case presents the unusual circumstance that the parties seeking the entry of final judgment are the parties that prevailed, not the party who would appeal from such judgment. This turns Rule 54(b) on its head. The primary purpose of Rule 54(b) is "to enable a party to file an appeal sooner than would otherwise be available by waiting for a final judgment on all claims against all parties in the lawsuit." *Stewart v. Gates*, 277 F.R.D. 33, 35 (D.D.C. 2011); *see Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 n.3 (1976) (Rule 54(b) "was amended to insure that orders finally disposing of some but not all of the parties could be appealed pursuant to its provisions"); *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 805 n.2 (D.C. Cir. 2010) (the "motivation behind the amendment was to provide plaintiffs a way to appeal the dismissal of a defendant in a multiple defendant action…."). This purpose is not implicated where, as here, the parties seeking the Rule 54(b) final judgment are, presumably, not planning to appeal. Rather, by requesting a Rule 54(b) final judgment, the Dismissed Defendants are trying to force Relator to appeal now or lose her appellate rights.[5]

In these circumstances, courts have often declined to issue Rule 54(b) final judgments. In *Fisher v. Pelstring*, 817 F. Supp. 2d 791 (D.S.C. 2011), after the court dismissed claims against some but not all defendants, the dismissed defendants requested entry of a final judgment pursuant to Rule 54(b). Denying the motion, Judge Wooten stated that "[w]hile the Court understands that [the dismissed defendants] wish to bring a conclusive end to the litigation

---

[5] "[O]nce there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run." 10 C. Wright, A. Miller & M. Kane, FED. PRAC. & PROC. § 2661 (3d ed. 2010); *see FDIC v. Tripati*, 769 F.2d 507 (8th Cir. 1985).

6

against them, granting the motion would force the plaintiffs to pursue a preemptory appeal or abandon their right to appeal the dismissal of their claims against [those defendants]." *Id*. at 829. The court further noted that depending on the outcome of the litigation against the remaining defendant, the plaintiffs might decide to no longer pursue an appeal against the dismissed defendants. *Id*. Accordingly, the court declined to enter a Rule 54(b) final judgment as to the dismissed defendants.

This Court faced a similar situation in *Hoskins*, where a defendant that had been dismissed sought a Rule 54(b) final judgment, arguing that it desired to achieve "peace and finality." 676 F. Supp. 2d at 449. This Court denied the request for entry of judgment, stating that "the strong policy against piecemeal appeals outweighs any minimal harm [the dismissed defendant] may endure in waiting the brief period until the trial of this case." *Id*.

In *Stewart*, where the court refused a request by defendants who had been dismissed from the case for entry of final judgment under Rule 54(b), the court explained:

> [T]he Individual Defendants do not seek relief under Rule 54(b) in order to exercise any appeal rights before the completion of the entire case. On the contrary, entry of final judgment on the Court's May 16, 2011 Order would force the plaintiff to consider whether to file an immediate appeal from the Court's May 16, 2011 Order, even if she would prefer to await completion of the case, since her time to file an appeal would be triggered by entry of final judgment. …. This would effectively invert the purpose of Rule 54(b) from one of enhancing the appellate rights of a losing party in circumstances when delay of an appeal would cause undue hardship or possible injustice, to one in which a prevailing party could prematurely force an appeal of part of a case by a losing party, who must comply with timeliness requirements for exercising appellate rights.

277 F.R.D. at 36. Brushing aside the defendants' argument that delaying entry of final judgment would prejudice them because they "would have the spectre of potential personal liability hanging over them throughout the course of this action," *id*., the court stated that "any hardship suggested is speculative and negligible." *Id*. at 37.

7

All of the reasons given in these decisions for denying a Rule 54(b) final judgment when it is sought by the prevailing party apply in this case.  Entering judgment now would unfairly force Relator to take an immediate appeal or lose her appellate rights, whereas depending on what transpires with respect to the claims remaining in the case, she might later decide not to pursue an appeal at all.  Furthermore, the Dismissed Defendants suffer no meaningful prejudice if the appeal is pursued later (or not at all) rather than at this juncture.

The Court should not be misled by the Dismissed Defendants' citation to *Ashley*.  *See* Def. Mem. at 8, where the Dismissed Defendants state:

> Thus, "[t]here is no just reason to deny the [dismissed defendants] an opportunity to [defend] a timely appeal while [the relator] and [U.S. Bank] resolve an essentially private dispute."  *Ashley II of Charleston*, 2011 WL 5827786, at *2.

Def. Mem. at 8.  Contrary to the impression that the Dismissed Defendants seek to give, in this quotation, the *Ashley* court was referring to the opportunity by the losing party to ***pursue*** an appeal, not the opportunity of the prevailing party to ***defend*** an appeal.  In this quotation from the case, the Dismissed Defendants have merely replaced the word "pursue" with the word "defend" – apparently assuming that the Court would not check and see what they have done.

### B. THE CRITERIA FOR ENTRY OF A FINAL JUDGMENT UNDER RULE 54(b) ARE NOT SATISFIED

Rule 54(b) provides that a court may not enter judgment under that Rule unless the court makes an express determination that "there is no just reason for delay."  The Fourth Circuit has stated that in determining whether there is a just reason for delay in the entry of judgment, District Courts should consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency

8

considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell*, 2 F.3d at 1335-36.

Several of these factors weigh heavily against entry of judgment as to the Dismissed Defendants at this time, and none weigh in favor of the entry of judgment.

Factor #1. The claims asserted against the remaining defendant, U.S. Bank – that it submitted insurance claims to HUD that included charges for items that were improper and non-reimbursable – are the exact same claims that were asserted against the Dismissed Defendants. Furthermore, the application of Rule 9(b) as construed by *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451 (4th Cir. 2013), was central to the motions to dismiss by both U.S. Bank and by the Dismissed Defendants. In addition, the substantive issues to be litigated on the claims against U.S. Bank as to what charges are permissible to include in HUD claims were also raised by the Dismissed Defendants in their Rule 12(b)(6) motions (although the Court did not need to reach those issues in light of the Rule 9(b) ruling). Thus, there is a strong relationship between the claims against the Dismissed Defendants and the claim against the remaining Defendant.

Factor #2. Defendants are simply wrong when they assert that "there is no possibility that an immediate appeal of the dismissed claims would be mooted by future developments before this Court." Def. Mem. at 6. As Judge Wooten recognized in *Fisher*, 817 F. Supp. 2d at 829, the need for this appeal might be mooted in the future if, for example, Relator prevails on her claims against U.S. Bank and then decides not to appeal dismissal of the claims against the Dismissed Defendants. Or, suppose Relator loses against U.S. Bank on the ground that the charges included in the HUD claims are not improper. In that event, there might be no need for

9

the Court of Appeals to address the issue of whether the claims against the Dismissed Defendants failed to satisfy Rule 9(b).

Factor #3. If Relator prevails on the appeal, U.S. Bank would not be bound by the result, since it would not be a party to the appeal. Therefore, regardless of what the Court of Appeals might rule in Relator's favor on an appeal regarding the Dismissed Defendants with respect to the contours of Rule 9(b) or the substantive issues relating to the HUD claim, U.S. Bank could raise the same issues on appeal if Relator prevails against U.S. Bank in this Court.

The Dismissed Defendants' assertion that the law of the case would preclude U.S. Bank from relitigating anything decided on an appeal regarding the Dismissed Defendants (Def. Mem. at 6-7) is incorrect. Since U.S. Bank would not be a party to the appeal, it would violate due process for U.S. Bank to be bound by the result of the appeal. "[A] person cannot be deprived of his legal rights in a proceeding to which he is not a party." *Martin v. Wilks*, 490 U.S. 755, 759 (1989); *see Sessler v. Allied Towing Corp.*, 538 F.2d 630, 633 (4th Cir. 1976).

Directly on point is *Stevens v. Danek Med., Inc.*, No. 95-cv-14293, 1999 WL 33217282 (S.D. Fla. Apr. 16, 1999), where the plaintiff argued that the outcome of an appeal on claims against one defendant constituted the law of the case as to claims against a different defendant. The court rejected that argument, stating:

> [T]he Danek defendants were not parties to the Buckman appeal. Law of the case does not apply to non-parties who have not had their day in court.

*Id*. at *7. *See also Janvey v. Suarez*, 978 F. Supp. 2d 685, 693 (N.D. Tex. 2013) (refusing to apply law of the case to non-parties to the proceeding).

In any event, the law of the case is a discretionary doctrine that "does not and cannot limit the power of a court to reconsider an earlier ruling." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

10

Factor #4.  This factor is not applicable in this case.

Factor #5.  The burden on the Court of Appeals from piecemeal appeals is undisputed, and as this Court has recognized, the inefficiency arising from multiple appeals in the same case is a key reason to eschew Rule 54(b) judgments.  *See, e.g.*, *Martin*, 2010 WL 679005, at *2; *Hoskins*, 676 F. Supp. 2d at 449.  On the other hand, the Dismissed Defendants point to no significant prejudice they would suffer from waiting for an appeal.  Their complaint that they will face "indefinite uncertainty" from waiting, Def. Mem. at 8, overlooks that in *Hoskins*, this Court characterized a similar claim as alleging "minimal harm," 676 F. Supp. 2d at 449, and that in *Stewart*, the court described such alleged injury as "speculative and negligible."  277 F.R.D. at 37.

The Dismissed Defendants also suggest that if Relator wins on appeal against them, it would be more efficient to conduct discovery on the claims against the Dismissed Defendants and on the claims against U.S. Bank together.  Def. Mem. at 7.  This makes no sense.  Even if a Rule 54(b) judgment is entered and an appeal goes forward at this time, discovery on the claims against U.S. Bank will be mostly if not entirely completed by the time the appeal is decided.  Furthermore, the Dismissed Defendants are forgetting that two of them (Saxon Mortgage Services, Inc. and Bank of New York Mellon Corp.) previously moved to sever the claims against them from claims against U.S. Bank and other Defendants.  *See* Dkt. No. 241.  If the claims are sufficiently separate so as to justify severance, how can taking discovery on them together further efficiency?

## **CONCLUSION**

The Dismissed Defendants' motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) should be denied in all respects.

Dated: August 28, 2014                                          Respectfully submitted,

   /s/ Richard A. Harpootlian

| **GRANT & EISENHOFER P.A.** | **RICHARD A. HARPOOTLIAN P.A.** |
|---|---|
| Jay W. Eisenhofer | 1410 Laurel Street |
| James J. Sabella | Post Office Box 1090 |
| Elizabeth H. Shofner | Columbia, SC 29202 |
| 485 Lexington Avenue | Telephone:     (803) 252-4848 |
| New York, NY 10017 | Facsimile:      (803) 252-4810 |
| Telephone:     (646) 722-8500 | |
| Facsimile:      (646) 722-8501 | |

| **GRANT & EISENHOFER P.A.** | **GRANT & EISENHOFER P.A.** |
|---|---|
| Jennifer A. Williams | Reuben A. Guttman |
| 123 Justison Street | Traci L. Buschner |
| Wilmington, DE  19801 | 1747 Pennsylvania Avenue, N.W. |
| Telephone:     (302) 622-7000 | Washington, D.C.  20006 |
| Facsimile:      (302) 622-7100 | Telephone:     (202) 386-9500 |
| | Facsimile:      (202) 386-9505 |

*Attorneys for Plaintiff-Relator Lynn E. Szymoniak*

12