**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1720

UNITED STATES ex rel. LYNN E. SZYMONIAK,

        Plaintiff − Appellant,

and

STATES OF CALIFORNIA, DELAWARE, FLORIDA, HAWAII, ILLINOIS, INDIANA, MASSACHUSETTS, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, VIRGINIA, DISTRICT OF COLUMBIA, AND THE CITIES OF CHICAGO AND NEW YORK, ex rel. LYNN E. SZYMONIAK,

        Plaintiffs,

        v.

AMERICAN HOME MORTGAGE SERVICING, INC; SAXON MORTGAGE SERVICES INC.; LENDER PROCESSING SERVICES INC; DOCX LLC; BANK OF NEW YORK MELLON CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC USA NATIONAL ASSOCIATION,

        Defendants – Appellees,

and

CITIMORTGAGE INC, f/k/a Citi Residential Lending Inc., f/k/a AMC Mortgage Services Inc.; WELLS FARGO HOME MORTGAGE, d/b/a America's Servicing Company; BANK OF AMERICA CORPORATION, as successor in interest to Lasalle Bank; CITIBANK NATIONAL ASSOCIATION.; JP MORGAN CHASE

BANK NATIONAL ASSOCIATION; US BANK NATIONAL ASSOCIATION; WELLS FARGO BANK NATIONAL ASSOCIATION,

    Defendants,

  v.

ROGERS TOWNSEND & THOMAS, PC,

    Party−in−Interest.

---

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., Senior District Judge.  (0:10−cv−01465−JFA)

---

Argued:  December 9, 2016             Decided:  February 16, 2017

---

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED**: Christopher P. Kenney, RICHARD A. HARPOOTLIAN, P.A., Columbia, South Carolina, for Appellant.  Mary Gail Gearns, MORGAN, LEWIS & BOCKIUS LLP, New York, New York; Michael B. Kimberly, MAYER BROWN LLP, Washington, D.C.; Barbara Van Gelder, DICKSTEIN SHAPIRO LLP, Washington, D.C., for Appellees. **ON BRIEF**: Richard A. Harpootlian, RICHARD A. HARPOOTLIAN, P.A., Columbia, South Carolina, for Appellant.  Christopher Jackson Allen, COZEN O'CONNOR, Washington, D.C., Fred O. Goldberg, BERGER SINGERMAN LLP, Miami, Florida, for Appellees Lender Processing Services, Inc. and DocX, LLC; Alice W. Parham Casey, WYCHE, P.A., Columbia, South Carolina, for Appellee Bank of New York Mellon Corporation; Michael S. Kraut, MORGAN, LEWIS & BOCKIUS LLP, New York, New York, for Appellees Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas; Gerard E. Wimberly, Jr., Gabriel Alan Crowson, New Orleans, Louisiana, Juston Michael O'Brien, MCGLINCHEY STAFFORD, PLLC, Baton Rouge, Louisiana, Melissa J. Copeland, SCHMIDT & COPELAND, LLC, Columbia, South Carolina, for Appellee American Home Mortgage Servicing, Inc.; B. Rush Smith III, Carmen Harper Thomas, NELSON MULLINS RILEY & SCARBOROUGH LLP, Columbia, South Carolina,  Michael O. Ware, MAYER

BROWN LLP, New York, New York, for Appellee HSBC Bank, USA, National Association.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lynn Szymoniak appeals the district court's dismissal of her *qui tam* action seeking to recover damages and penalties from banks, mortgage-backed securities trustees, and servicers under the False Claims Act, 31 U.S.C. § 3729 *et seq*. Because the district court correctly found that Szymoniak failed to allege any false claims submitted by the Defendants or facts sufficient to create a reasonable inference that false claims necessarily were submitted, we affirm.

I.

A.

The False Claims Act ("FCA") makes liable to the United States "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the government. 31 U.S.C. § 3729(a). Private persons may act as relators and bring a civil action for "a violation of section 3729 for the person and for the United States Government." *Id.* § 3730(b).

Because claims under the Act sound in fraud, plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

We have interpreted this rule, as applied to FCA claims, to require relators to allege that defendants either caused specific false claims to be submitted or committed actions that "*necessarily* . . . led to the submission of false claims." *Nathan*, 707 F.3d at 457 (internal punctuation omitted).

B.

Lynn Szymoniak is a lawyer who, in 2008, defaulted on her payments on a mortgage loan for her home in Florida. While challenging the foreclosure of her home, Szymoniak claims that she discovered that several trustees and servicers of mortgage-backed-securities trusts—pooled mortgages which can be sold as investments—forged or lied about mortgage assignment documents and therefore lacked legal ownership over the mortgages they claimed to own.

In June 2010, Szymoniak filed suit in the U.S. District Court for the District of South Carolina as a relator under the False Claims Act. The complaint was filed under seal to allow the United States sixty days to intervene. Over the course of three years, the United States requested and obtained eight deadline extensions. After the United States informed the court that it did not intend to intervene, Szymoniak's complaint was unsealed. In her third amended complaint, filed February 3, 2014, Szymoniak named fifteen Defendants: American Home Mortgage Servicing, Inc.; Saxon Mortgage Services, Inc.; Lender Processing Services, Inc.; DocX, LLC; CitiMortgage, Inc.; Wells Fargo Home Mortgage doing business as America's Servicing Company; Bank of America Corporation; The Bank of New York Mellon Corporation; CitiBank, N.A.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas;

5

HSBC USA, N.A.; J.P. Morgan Chase Bank, N.A.; U.S. Bank, N.A.; and Wells Fargo Bank, N.A. (collectively, "Defendants").

Szymoniak alleged that the Defendants defrauded the United States by: 1) charging the government, as an investor in mortgage-backed-securities trusts containing fraudulent assignments, for trustee and custodial services; 2) selling to the government securities in mortgage-backed-securities trusts whose values were impaired due to missing or forged assignments; 3) using false assignments to apply for payments from the Department of Housing and Urban Development under the Federal Housing Administration's mortgage insurance program; and 4) charging the government for the filing of falsified documents when foreclosing on federally insured mortgages.

Because Szymoniak based her complaint in part upon public disclosures and lacked independent knowledge of Defendants' actions prior to March 23, 2010, the district court dismissed allegations related to false claims submitted before that date.

Szymoniak later sought and received voluntary dismissal of her first and second claims against all Defendants. She also dismissed from the suit all but the following nine parties: American Home Mortgage Servicing, Inc.; Saxon Mortgage Services, Inc.; Lender Processing Services, Inc.; DocX, LLC; The Bank of New York Mellon Corporation; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas; HSBC USA, N.A.; and U.S Bank, N.A. (collectively, "remaining Defendants").

The remaining Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Citing *Nathan*, the district court considered

6

whether Szymoniak alleged the submission of specific false claims or facts creating a reasonable inference that false claims necessarily were submitted.

Drawing all inferences in favor of Szymoniak, the district court found that, while her complaint "allege[d] an elaborate scheme," it did "not provide facts to show that this scheme actually resulted in the submission of specific false claims," and neither did the allegations create "a reasonable inference that false claims *necessarily* were submitted." J.A. 710–11. The district court granted in full all remaining Defendants' motions to dismiss except U.S. Bank's motion, which was granted in part and denied in part because Szymoniak provided facts alleging that U.S. Bank charged the Department of Housing and Urban Development for the costs of filing fraudulent documents. After Szymoniak and U.S. Bank settled, the district court dismissed U.S. Bank as a party. Szymoniak appeals the district court's dismissal of the other remaining Defendants.

II.

We review de novo the district court's order of dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nathan*, 707 F.3d at 455 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)).

Szymoniak claims that the district court applied the wrong standard—that the court, rather than allowing her to allege a scheme necessarily resulting in the submission of false claims, misread *Nathan* to require her to identify individual false claims. The correct standard from *Nathan*, Szymoniak argues, requires relators to identify no more than the "who, what, where, when, and how of a fraud." Appellant's Br. at 26.

7

Szymoniak further contends that her allegation of an "elaborate scheme to create fraudulent foreclosure documents" meets this standard. *Id.* at 27–28 (internal quotation marks omitted). She also argues that, in the alternative, if *Nathan* did require the identification of specific false claims, "that decision should be reconsidered and overruled." *Id.* at 34.

### III.

Having thoroughly reviewed the record and considered the parties' briefs and arguments, we conclude that it is Szymoniak, not the district court, who misreads *Nathan*. The district court's thorough order properly applied *Nathan*'s rule requiring an FCA relator to identify specific false claims *or* allege a scheme that *necessarily* resulted in the submission of false claims. We decline Szymoniak's invitation to revisit *Nathan*. *World Fuel Servs. Trading v. Hebei Prince Shipping Co.*, 783 F.3d 507, 523–24 (4th Cir. 2015) (quoting *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 n.2 (4th Cir. 2002)) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that.").

Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*